# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:14–cv–00670–ABJ

SAFARI CLUB INTERNATIONAL v. JEWELL et al
Assigned to: Judge Amy Berman Jackson
Cause: 16:1538 Endangered Species Act

Date Filed: 04/21/2014
Jury Demand: None
Nature of Suit: 893 Environmental Matters
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**SAFARI CLUB INTERNATIONAL**     represented by     **Anna Margo Seidman**
SAFARI CLUB INTERNATIONAL
501 Second Street, NE
Washington, DC 20002
(202) 543–8733
Fax: (202) 543–1205
Email: aseidman@safariclub.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Scott Burdin**
SAFARI CLUB INTERNATIONAL
501 Second Street, NE
Washington, DC 20002
(202) 543–8733
Fax: (202) 543–1205
Email: dburdin@safariclub.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Evan Clare**
SAFARI CLUB INTERNATIONAL
501 Second Street, NE
Washington, DC 20002
(202) 543–8733
Fax: (202) 543–1205
Email: jclare@safariclub.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NATIONAL RIFLE ASSOCIATION OF AMERICA**     represented by     **Christopher A. Conte**
NATIONAL RIFLE ASSOCIATION
11250 Waples Mill Road
Floor 5N
Fairfax, VA 22030
(703) 267–1166
Fax: (703) 267–1164
Email: cconte@nrahq.org

V.

**Defendant**

| | | |
|---|---|---|
| **SALLY JEWELL**<br>*In her official capacity as Secretary of the*<br>*Department of the Interior* | represented by | **Andrea Gelatt**<br>U.S. DEPARTMENT OF JUSTICE<br>Land &Natural Resources Division<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, DC 20044–1420<br>(202) 305–0210<br>Fax: (202) 305–0275<br>Email: <u>andrea.gelatt@usdoj.gov</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Meredith L. Flax**<br>U.S. DEPARTMENT OF JUSTICE<br>Land &Natural Resources Division<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, DC 20044–1420<br>(202) 305–0404<br>Fax: (202) 305–0275<br>Email: <u>meredith.flax@usdoj.gov</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **U.S. DEPARTMENT OF THE**<br>**INTERIOR**<br>*An agency of the United States* | represented by | **Andrea Gelatt**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Meredith L. Flax**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **DANIEL ASHE**<br>*In his official capacity as Director of the*<br>*U.S. Fish and Wildlife Service* | represented by | **Andrea Gelatt**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Meredith L. Flax**<br>(See above for address)<br>*LEAD ATTORNEY* |

**Defendant**

| | | |
|---|---|---|
| **U.S. FISH AND WILDLIFE SERVICE** | represented by | **Andrea Gelatt** |
| *An agency of the United States* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Meredith L. Flax** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/21/2014 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0090–3691517) filed by SAFARI CLUB INTERNATIONAL. (Attachments: # 1 Rule 7.1 Corporate Disclosure Form, # 2 Summons (6), # 3 Civil Cover Sheet)(Seidman, Anna) (Entered: 04/21/2014) |
| 04/21/2014 | | | Case Assigned to Judge Amy Berman Jackson. (kb) (Entered: 04/22/2014) |
| 04/22/2014 | 2 | | SUMMONS Issued (6) Electronically as to DANIEL ASHE, SALLY JEWELL, U.S. DEPARTMENT OF THE INTERIOR, U.S. FISH AND WILDLIFE SERVICE, U.S. Attorney and U.S. Attorney General. (Attachments: # 1 Consent Form, # 2 Notice of Consent)(kb) (Entered: 04/22/2014) |
| 04/22/2014 | 3 | | Corporate Disclosure Statement by SAFARI CLUB INTERNATIONAL. (Seidman, Anna) (Entered: 04/22/2014) |
| 04/30/2014 | 4 | | MOTION for Preliminary Injunction by SAFARI CLUB INTERNATIONAL (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support, # 3 Request for Hearing, # 4 Certificate of Service, # 5 Press Release, # 6 Exhibit Question and Answer Page, # 7 Exhibit Letter from Robert Gabel, # 8 Exhibit Zimbabwe Enhancement Finding, # 9 Exhibit Letter from Edson Chidziya, # 10 Exhibit FWS Questions to Zimbabwe, # 11 Exhibit ZPWMA Response, # 12 Exhibit IUCN Report, # 13 Exhibit Tanzania NDF, # 14 Exhibit Tanzania Enhancement Finding, # 15 Exhibit Goodenow Declaration, # 16 Exhibit Beardmore Declaration, # 17 Exhibit Didado Declaration, # 18 Exhibit Cheek Declaration, # 19 Exhibit Bailey Declaration, # 20 Exhibit Rawson Declaration, # 21 Exhibit Ingersoll Declaration, # 22 Exhibit Holdridge Declaration, # 23 Exhibit Berry Declaration, # 24 Exhibit Buch Declaration, # 25 Exhibit Grieb Declaration, # 26 Exhibit Condon Declaration, # 27 Exhibit Nice Declaration, # 28 Exhibit Cooley Declaration, # 29 Exhibit Monsen Declaration, # 30 Exhibit Netzley Declaration, # 31 Exhibit Capozza Declaration, # 32 Exhibit Rhyne Declaration, # 33 Exhibit Bridges Declaration, # 34 Exhibit Taylor Declaration, # 35 Exhibit Dinger Declaration, # 36 Exhibit Whaley Declaration, # 37 Exhibit Perry Declaration, # 38 Exhibit McCall Declaration, # 39 Exhibit Vick Declaration, # 40 Exhibit McDonnold Declaration, # 41 Exhibit Dennison Declaration, # 42 Exhibit Pole Declaration, # 43 Exhibit Oosterhuis Declaration, # 44 Exhibit Carter |

| | | |
|---|---|---|
| | | Declaration, #45 Exhibit Barth Declaration, #46 Exhibit Pieters Declaration, #47 Exhibit Cooke Declaration, #48 Exhibit Duckworth Declaration, #49 Exhibit De Vries Declaration, #50 Exhibit Tarpley Declaration, #51 Exhibit Petty Declaration, #52 Exhibit Johnson Declaration, #53 Exhibit Sakuta Declaration, #54 Exhibit Hurt Declaration, #55 Exhibit Angelides Declaration, #56 Exhibit Adams Declaration, #57 Exhibit Res. Conf. 2.11 (Annex 1), #58 Exhibit Res Conf. 2.11)(Seidman, Anna) (Entered: 04/30/2014) |
| 05/02/2014 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Telephone Conference Call in Chambers held on 5/2/2014. (NO COURT REPORTER) (jth) (Entered: 05/02/2014) |
| 05/02/2014 | | MINUTE ORDER. As discussed during the teleconference with counsel for the parties held on this date, it is ORDERED that defendants' opposition to plaintiff's motion for preliminary injunction is due by 5/13/14, plaintiff's reply is due by 5/16/14, and a motion hearing is set for 5/28/14 at 10:00 a.m. in Courtroom 3. The parties' briefs, at this juncture, should address only the issues of irreparable harm and subject matter jurisdiction. Signed by Judge Amy Berman Jackson on 5/2/14. (DMK) Modified on 5/2/2014 to reflect that the correct date of the motion hearing is 5/28/2014 (jth). (Entered: 05/02/2014) |
| 05/02/2014 | | Set/Reset Deadlines/Hearings: Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction is due by 5/13/14; Plaintiff's Reply is due by 5/16/14; Hearing on the Motion for Preliminary Injunction is set for 5/28/2014 at 10:00 AM in Courtroom 3 before Judge Amy Berman Jackson. (jth) (Entered: 05/02/2014) |
| 05/02/2014 | 5 | NOTICE of Appearance by Meredith L. Flax on behalf of DANIEL ASHE, SALLY JEWELL, U.S. DEPARTMENT OF THE INTERIOR, U.S. FISH AND WILDLIFE SERVICE (Flax, Meredith) (Entered: 05/02/2014) |
| 05/02/2014 | 6 | NOTICE of Appearance by Andrea Gelatt on behalf of All Defendants (Gelatt, Andrea) (Entered: 05/02/2014) |
| 05/12/2014 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DANIEL ASHE served on 4/25/2014; SALLY JEWELL served on 4/28/2014; U.S. DEPARTMENT OF THE INTERIOR served on 4/25/2014; U.S. FISH AND WILDLIFE SERVICE served on 4/25/2014 (Seidman, Anna) (Entered: 05/12/2014) |
| 05/12/2014 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/28/2014. Answer due for ALL FEDERAL DEFENDANTS by 6/27/2014. (Seidman, Anna) (Entered: 05/12/2014) |
| 05/12/2014 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 04/28/2014. (Seidman, Anna) (Entered: 05/12/2014) |
| 05/13/2014 | 10 | Memorandum in opposition to re 4 MOTION for Preliminary Injunction filed by DANIEL ASHE, SALLY JEWELL, U.S. DEPARTMENT OF THE INTERIOR, U.S. FISH AND WILDLIFE SERVICE. (Attachments: #1 Exhibit 1 – Declaration of Timothy Van Norman, #2 Exhibit 2 – Declaration of Rosemarie Gnam, #3 Exhibit 3 – Notice of Interim Suspension on |

| | | | |
|---|---|---|---|
| | | | Importation of Zimbabwean Elephant Trophies, #4 Text of Proposed Order)(Flax, Meredith) (Entered: 05/13/2014) |
| 05/13/2014 | 11 | | MOTION to Dismiss for Lack of Jurisdiction by DANIEL ASHE, SALLY JEWELL, U.S. DEPARTMENT OF THE INTERIOR, U.S. FISH AND WILDLIFE SERVICE (Attachments: #1 Exhibit 1 – Declaration of Timothy Van Norman, #2 Exhibit 2 – Declaration of Rosemarie Gnam, #3 Exhibit 3 – Notice of Interim Suspension on Importation of Zimbabwean Elephant Trophies, #4 Text of Proposed Order)(Flax, Meredith) (Entered: 05/13/2014) |
| 05/15/2014 | 12 | | MOTION for Leave to File *Supplemental Declarations* by SAFARI CLUB INTERNATIONAL (Attachments: #1 Declaration Edson Chidziya, #2 Declaration Charles Jonga, #3 Declaration Anna M. Seidman, #4 Exhibit FOIA Request, #5 Exhibit Memorandum to Director of the U.S. Fish and Wildlife Service)(Seidman, Anna) (Entered: 05/15/2014) |
| 05/16/2014 | 13 | | AMENDED COMPLAINT against All Defendants filed by SAFARI CLUB INTERNATIONAL.(Seidman, Anna) (Entered: 05/16/2014) |
| 05/16/2014 | 14 | | REPLY to opposition to motion re 4 MOTION for Preliminary Injunction filed by SAFARI CLUB INTERNATIONAL. (Attachments: #1 Declaration Edson Chidziya, #2 Declaration Charles Jonga, #3 Declaration Anna Seidman, #4 Exhibit Foia Request, #5 Exhibit Directors Memo)(Seidman, Anna) (Entered: 05/17/2014) |
| 05/19/2014 | 15 | | NOTICE of Appearance by Christopher A. Conte on behalf of NATIONAL RIFLE ASSOCIATION OF AMERICA (Conte, Christopher) (Entered: 05/19/2014) |
| 05/19/2014 | 16 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 04/28/2014., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/28/2014. ( Answer due for ALL FEDERAL DEFENDANTS by 6/27/2014.) (Attachments: #1 Exhibit Return Receipt Proof of Service Documents)(Seidman, Anna) (Entered: 05/19/2014) |
| 05/20/2014 | 17 | | NOTICE of Appearance by Douglas Scott Burdin on behalf of SAFARI CLUB INTERNATIONAL (Burdin, Douglas) (Main Document 17 replaced on 5/21/2014) (jf, ). (Entered: 05/20/2014) |
| 05/20/2014 | 18 | | RESPONSE re 12 MOTION for Leave to File *Supplemental Declarations and Federal Defendants' Unopposed Request to File a Surreply* filed by DANIEL ASHE, SALLY JEWELL, U.S. DEPARTMENT OF THE INTERIOR, U.S. FISH AND WILDLIFE SERVICE. (Attachments: #1 Proposed surreply, #2 Text of Proposed Order)(Gelatt, Andrea) (Entered: 05/20/2014) |
| 05/21/2014 | | | MINUTE ORDER granting 12 Motion for Leave to File Supplemental Declarations with Preliminary Injunction Reply Brief. The supplemental declarations submitted with plaintiff's reply brief [Dkt. # 14] are treated as filed. Signed by Judge Amy Berman Jackson on 5/21/14. (DMK) (Entered: 05/21/2014) |
| 05/21/2014 | | | MINUTE ORDER. In light of defendants' response to plaintiff's motion for |

| | | | |
|---|---|---|---|
| | | | leave to file [Dkt. # 18] and unopposed request to file a surreply, it is ORDERED that defendants are granted leave to file a surreply in support of their opposition to plaintiff's motion for preliminary injunction. The Clerk of the Court is directed to enter the surreply [Dkt. # 18–1] on the docket. Signed by Judge Amy Berman Jackson on 5/21/14. (DMK) (Entered: 05/21/2014) |
| 05/21/2014 | 19 | | SURREPLY to re 14 REPLY to opposition to motion re 4 MOTION for Preliminary Injunction, filed by DANIEL ASHE, SALLY JEWELL, U.S. DEPARTMENT OF THE INTERIOR, U.S. FISH AND WILDLIFE SERVICE. (jf, ) (Entered: 05/21/2014) |
| 05/21/2014 | 20 | | NOTICE of Appearance by Jeremy Evan Clare on behalf of SAFARI CLUB INTERNATIONAL (Clare, Jeremy) (Entered: 05/21/2014) |
| 05/21/2014 | | | MINUTE ORDER that the Hearing on Plaintiff's 4 Motion for Preliminary Injunction presently scheduled for Wednesday, May 28, 2014, at 10:00 AM is cancelled. Signed by Judge Amy Berman Jackson on 05/21/2014. (jth) (Entered: 05/21/2014) |
| 05/23/2014 | 21 | | Corporate Disclosure Statement by NATIONAL RIFLE ASSOCIATION OF AMERICA. (Conte, Christopher) (Entered: 05/23/2014) |
| 05/27/2014 | 22 | | Memorandum in opposition to re 11 MOTION to Dismiss for Lack of Jurisdiction filed by NATIONAL RIFLE ASSOCIATION OF AMERICA, SAFARI CLUB INTERNATIONAL. (Attachments: # 1 Text of Proposed Order)(Seidman, Anna) (Entered: 05/27/2014) |
| 06/05/2014 | 23 | | REPLY to opposition to motion re 11 MOTION to Dismiss for Lack of Jurisdiction filed by DANIEL ASHE, SALLY JEWELL, U.S. DEPARTMENT OF THE INTERIOR, U.S. FISH AND WILDLIFE SERVICE. (Attachments: # 1 Exhibit 4 – 1997 Tanzania Enhancement Finding)(Flax, Meredith) (Entered: 06/05/2014) |
| 06/06/2014 | 24 | 10 | MEMORANDUM OPINION AND ORDER denying 4 motion for preliminary injunction. See Order for details. Signed by Judge Amy Berman Jackson on 6/6/14.(DMK) (Entered: 06/06/2014) |
| 06/12/2014 | 25 | | MOTION for Relief from LCvR 7(n) by DANIEL ASHE, SALLY JEWELL, U.S. DEPARTMENT OF THE INTERIOR, U.S. FISH AND WILDLIFE SERVICE (Attachments: # 1 Text of Proposed Order)(Flax, Meredith) (Entered: 06/12/2014) |
| 06/13/2014 | 26 | | Unopposed MOTION for Leave to File *Surreply in Opposition to Motion to Croos−Motion to Dismiss* by NATIONAL RIFLE ASSOCIATION OF AMERICA, SAFARI CLUB INTERNATIONAL (Attachments: # 1 Text of Proposed Order, # 2 Surreply)(Seidman, Anna) (Entered: 06/13/2014) |
| 06/16/2014 | | | MINUTE ORDER granting in part and denying in part 25 defendants' motion for relief from LCvR 7(n). It is ORDERED that defendants are relieved from complying with LCvR 7(n) pending a ruling on defendants' motion to dismiss but that they are required to begin the process of compiling the administrative record for this case in the meantime. It is further ORDERED that any supplement to defendants' motion to dismiss is due July 3, 2014, plaintiffs' opposition to that supplement is due July 24, 2014, and defendants' reply to the supplement is due August 7, 2014. Signed by Judge Amy Berman Jackson |

| | | | |
|---|---|---|---|
| | | | on 6/16/14. (DMK) (Entered: 06/16/2014) |
| 06/16/2014 | | | MINUTE ORDER granting 26 plaintiffs' motion for leave to file a surreply in support of their opposition to defendants' motion to dismiss. The Clerk of the Court is directed to enter on the docket the surreply attached to plaintiffs' motion [26-2]. Signed by Judge Amy Berman Jackson on 6/16/14. (DMK) (Entered: 06/16/2014) |
| 06/16/2014 | 27 | | SURREPLY to re 11 MOTION to Dismiss for Lack of Jurisdiction filed by NATIONAL RIFLE ASSOCIATION OF AMERICA, SAFARI CLUB INTERNATIONAL. (jf, ) (Entered: 06/16/2014) |
| 06/17/2014 | | | Set/Reset Deadlines: Any supplement to defendants' Motion to Dismiss is due by 7/3/2014; Plaintiffs' Opposition to any supplement is due by 7/24/2014; defendants' reply to the supplement is due by 8/7/2014. (jth) (Entered: 06/17/2014) |
| 06/17/2014 | 28 | | MOTION for Reconsideration re Order on Motion for Miscellaneous Relief,, *and Motion to Compel Production of the Administrative Record* by NATIONAL RIFLE ASSOCIATION OF AMERICA, SAFARI CLUB INTERNATIONAL (Attachments: # 1 Exhibit Letter from Brian Arroyo, # 2 Text of Proposed Order)(Seidman, Anna) (Entered: 06/17/2014) |
| 06/17/2014 | 29 | 8 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 24 Memorandum &Opinion by NATIONAL RIFLE ASSOCIATION OF AMERICA, SAFARI CLUB INTERNATIONAL. Filing fee $ 505, receipt number 0090-3751258. Fee Status: Fee Paid. Parties have been notified. (Seidman, Anna) (Entered: 06/17/2014) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SAFARI CLUB INTERNATIONAL              )
and                                    )
NATIONAL RIFLE ASSOCIATION OF          )
AMERICA                                )
                                       )
    Plaintiffs,    )
                                       )
v.                                     )
                                       )  Civ. No. 14-cv-00670 (ABJ)
SALLY M. R. JEWELL, in her official    )
capacity as Secretary of the U.S.      )
Department of the Interior;            )
U.S. DEPARTMENT OF THE INTERIOR,       )
an agency of the United States;        )
DANIEL ASHE, in his official capacity as )
Director of the U.S. Fish and Wildlife Service; and )
U.S. FISH AND WILDLIFE SERVICE,        )
an agency of the United States         )
                                       )
    Defendants.    )

## CIVIL NOTICE OF APPEAL

Notice is given on the 17th day of June, 2014, that Plaintiffs/Appellants, Safari Club International and National Rifle Association of America[1] hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Memorandum Opinion and Order, entered June 6, 2014, denying Plaintiffs' Motion for a Preliminary Injunction (Dkt. 24).

Dated this 17th day of June, 2014.

Respectfully submitted,

/s/Anna M. Seidman

---

[1] National Rifle Association of America (NRA) joined the case as a plaintiff after Safari Club International filed its Motion for Preliminary Injunction.

Anna M. Seidman
D.C. Bar No. 417091
Douglas Burdin
D.C. Bar No. 434107
501 2nd Street NE
Washington, D.C.
Tel: 202-543-8733
Fax: 202-543-1205
aseidman@safariclub.org
dburdin@safariclub.org

*Counsel for Plaintiff/Appellant*
*Safari Club International*

Christopher A. Conte (DC Bar No. 43048)
National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
Facsimile: (703) 267-1164
cconte@nrahq.org

*Counsel for Plaintiff/Appellant*
*National Rifle Association of America*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2014, the foregoing document was filed with the Clerk of Court, causing it to be served on Defendants' counsel of record.

/s/Anna M. Seidman
Anna M. Seidman

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                        )
SAFARI CLUB INTERNATIONAL, et al.,      )
                                        )
                    Plaintiff,          )
                                        )
         v.                             )          Civil Action No. 14-0670 (ABJ)
                                        )
SALLY M. R. JEWELL, in her official     )
capacity as Secretary of the U.S.       )
Department of the Interior, et al.,     )
                                        )
                    Defendants.         )
_____)
```

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Safari Club International brought this lawsuit to challenge two decisions of the

United States Fish and Wildlife Service ("FWS") to suspend any importation of sport-hunted

African elephant trophies from Zimbabwe and Tanzania in 2014. Compl. [Dkt. # 1] ¶ 1.[1]

Plaintiff alleges that the decisions violate the Endangered Species Act and the Administrative

Procedures Act. *Id.* ¶¶ 77–111. After filing its complaint, plaintiff filed a motion for a

preliminary injunction. Mot. for Prelim. Inj. [Dkt. # 4] ("Mot."); Mem. of P. & A. in Supp. of

---

1       On May 16, 2014, Safari Club filed an amended complaint to add the National Rifle
Association as a plaintiff in the case. Am. Compl. [Dkt. # 13] ¶¶ 19–24.

Mot. for Prelim. Inj. [Dkt. # 4-2] ("Mem.").  The parties have fully briefed the motion,[2] and it is now before the Court.

Safari Club alleges that actions of FWS have irreparably harmed its interests as an organization and the interests of its members.  Because plaintiff has failed to demonstrate the necessary irreparable injury, the Court will deny the motion for a preliminary injunction.[3]

## ANALYSIS

On April 4, 2014, FWS issued a press release announcing "a suspension on imports of sport-hunted African elephant trophies taken in Tanzania and Zimbabwe during calendar year 2014."  April 4, 2014 Press Release, Ex. A to Mem. [Dkt. # 4-5].[4]  Plaintiff has challenged the agency's action and moved for a preliminary injunction to restore the pre-suspension status quo pending a ruling on the merits of the lawsuit.

To obtain a preliminary injunction, Safari Club must establish that:  1) it is likely to succeed on the merits; 2) it is likely to suffer irreparable harm in the absence of preliminary

---

2      Defendants filed an opposition to plaintiff's motion, and pursuant to the schedule established by the Court, simultaneously filed a motion to dismiss for lack of jurisdiction.  *See* Defs.' Opp. to Mot. for Prelim. Inj. and Mem. in Supp. of Cross-Mot. to Dismiss [Dkt. # 10] ("Opp."); Defs.' Mot. to Dismiss [Dkt. # 11].  With leave of Court, plaintiff filed a reply in support of its motion, with supplemental declarations, *see* Pl.'s Reply to Defs.' Opp. to Mot. for Prelim. Inj. [Dkt. # 14] ("Reply"), and defendants filed a surreply in support of their opposition. *See* Defs.' Surreply [Dkt. # 19].

3      The Court recognizes that defendants have raised questions about subject matter jurisdiction in their motion to dismiss.  But the questions are sufficiently close and the lack of irreparable harm sufficiently clear that the Court will proceed to rule on the need for expedition first and take the motion to dismiss under advisement.  The defendants will also have the opportunity to file any other motions under Fed. R. Civ. P. 12(b)(6).

4      FWS later modified the suspension to apply to elephants taken during the 2014 season only after April 4, 2014.  *See* Van Norman Decl., Ex. 1 to Opp. [Dkt. # 10-1] ¶¶ 14–15, 25, 28.

2

relief; 3) the balance of equities tips in its favor; and 4) an injunction serves the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[5]

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Id.* at 22. Failure to show any irreparable harm is grounds for the court to refuse to issue a preliminary injunction, even if the other three factors entering the calculus point in the plaintiff's favor. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *see also GEO Specialty Chem., Inc. v. Husisian*, 923 F. Supp. 2d 143, 147 (D.D.C. 2013) ("[A] court may refuse to issue an injunction without considering any other factors when irreparable harm is not demonstrated.").

To show irreparable harm, plaintiff must demonstrate that the harm has occurred in the past and is likely to occur again, or that the harm is certain to occur in the near future. *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). Plaintiff must also show the alleged harm will "directly result" from the action that plaintiff seeks to enjoin. *Id.* The harm "must be both

---

5    A number of circuits, including the D.C. Circuit, have historically evaluated the four factors utilizing what has been referred to as a "sliding scale" approach. *See Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009). The Court of Appeals articulated the balancing test as follows: "[i]f the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak. An injunction may be justified . . . where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995). But it is questionable whether this formulation has survived the Supreme Court's 2008 decision in *Winter*. *See Davis*, 571 F.3d at 1295–96 (Kavanaugh, J., and J. Henderson, concurring). In *Winter*, the Supreme Court specifically rejected the Ninth Circuit's reasoning that "when a plaintiff demonstrates a strong likelihood of prevailing on the merits, a preliminary injunction may be entered based only on a 'possibility' of irreparable harm." *Winter*, 555 U.S. at 21. The Court found that standard to be "too lenient." *Id.* at 22. Thus, setting the bar at a "relatively slight showing," *CityFed Fin. Corp.*, 58 F.3d at 747, is not likely to pass muster either. But it is not necessary to settle the question of the viability of the sliding scale approach to decide this case. Even when the balancing test was the clear governing standard, the D.C. Circuit warned: "[d]espite this flexibility, we require the moving party to demonstrate at least 'some injury' . . . since '[t]he basis of injunctive relief in the federal courts has always been irreparable harm.'" *Id.*

certain and great" and "actual and not theoretical."  *Id.*  And, it cannot arise from plaintiff's own actions.  *Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) (per curiam) (holding that litigant cannot "be heard to complain about damage inflicted by its own hand"); *Lee v. Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 33 (D.D.C. 2001) (holding that a "preliminary injunction movant does not satisfy the irreparable harm criterion when the alleged harm is self-inflicted") (citations omitted); *see also Safari Club Int'l v. Salazar*, 852 F. Supp. 2d 102, 123 (D.D.C. 2012) (no irreparable harm when plaintiffs could avoid harm).

Safari Club alleges that the moratorium on the importation of elephant trophies from two countries in Africa has irreparably harmed the recreational, conservationist, and economic interests of its members and of the Safari Club as an organization.  But the motion falls well short of the legal standard for preliminary relief.  Plaintiff has not shown that members who plan to travel to Africa and hope to shoot an elephant, or that members who have already successfully accomplished that feat, will suffer grave, imminent, and certain harm because while they may hunt elephants, and they may remember, recount, and record any success they achieve, they will not be permitted – at least for now – to bring home a particularly prized souvenir.

Plaintiff asserts:  "[b]y depriving U.S. hunters of an important element of the elephant's value, the U.S. government has all but taken the hunter out of the field."  Mem. at 27, quoting Hurt Decl., Ex. XX to Mem. [Dkt. # 4-54] ¶ 11.  But that statement overstates the impact of the suspensions.  The agency's announcement did not prohibit anyone from hunting African elephants in Zimbabwe or Tanzania or anywhere else; it did not bar plaintiff or its members from organizing elephant hunts or earning income by providing services to hunting enthusiasts; and it did not restrict anyone's ability to support the conservation of elephants.  These facts and,

4

indeed, the declarations supplied by plaintiff's own members, defeat plaintiff's claim of irreparable harm.

## I.      Plaintiff Has Not Shown Irreparable Harm to Recreational Interests

Safari Club asserts that its members have suffered irreparable harm to their recreational interests because the opportunity to import elephants from Tanzania and Zimbabwe has been suspended. In support of this argument, Safari Club provides numerous declarations from its members.

The record includes declarations from two hunters who began elephant hunts before April 4, 2014, shot and killed elephants after that date, but were prevented from importing their trophies, such as the hides and tusks, because of the suspensions. Grieb Decl., Ex. U to Mem. [Dkt. # 4-25] ¶¶ 11–12; Whaley Decl., Ex. FF to Mem. [Dkt. # 4-36] ¶¶ 10, 15.[6]

Other members report that they decided to hunt other animals after learning they would not be able to bring home the elephant trophies from hunts scheduled for 2014. *See* Holdridge Decl., Ex. R to Mem. [Dkt. # 4-22] ¶ 6 ("I had a hunt planned for July 2014 in Zimbabwe for elephant, lion and leopard. I am no longer going to hunt an elephant due to the trophy importation ban. . . . [M]y outfitter has offered to shift the deposit to other hunts instead."); Capozza Decl., Ex. AA to Mem. [Dkt. # 4-31] ¶¶ 19–20 ("I cancelled the elephant hunt when I learned that I would be unable to import the elephant that I hunted. . . . I was able to rebook another hunt with my safari operator for other species during the same time frame . . . .").

Some members are proceeding with elephant hunts despite the suspensions. *See* Cheek Decl. Ex. N to Mem. [Dkt. # 4-18] ¶ 13 (stating "I am prepared to go forward with the hunt

---

6      These members indicate that their elephants are stored in Zimbabwe, Grieb Decl. ¶ 12, Whaley Decl. ¶ 15, suggesting the elephants may be imported at a later date if FWS reverses course. *See also* Van Norman Decl. ¶¶ 11, 25 (stating that FWS may amend the challenged findings). This indicates that these members' inability to import now may not be "irreparable."

despite my concern that I will be unable to import the trophy, but I am hopeful that the [FWS] will rescind the bans"); Beardmore Decl., Ex. L to Mem. [Dkt. # 4-16] ¶ 24 ("Although the government has deprived me and my son of our ability to import our elephant from our hunt, I refuse to seek refunds."); Netzley Decl., Ex. Z to Mem. [Dkt. # 4-30] ¶ 10 ("I will still hunt elephant and just not bring home the trophy.").

Finally, numerous other members with hunts planned for later in the year have not yet decided whether to cancel their trips or not. *See, e.g.*, Didado Decl., Ex. M to Mem. [Dkt. # 4-17] ¶ 13 ("Nothing has been determined or finalized yet, but I am worried that we will need to cancel the trip."); Rawson Decl., Ex. P to Mem. [Dkt. # 4-20] ¶ 17 (stating "I may attempt to cancel"); Ingersoll Decl., Ex. Q to Mem. [Dkt. # 4-21] ¶ 9 ("I have not decided whether I am going to try to cancel this trip."); Buch Decl., Ex. T to Mem. [Dkt. # 4-24] ¶ 17 ("I am not sure what to do at this point."); Condon Decl., Ex. V to Mem. [Dkt. # 4-26] ¶ 20 ("I will likely cancel my hunt."); Nice Decl., Ex. W to Mem. [Dkt. # 4-27] ¶ 11 (stating he "may decide to cancel"); Taylor Decl., Ex. DD to Mem. [Dkt. # 4-34] ¶ 19 ("I am still considering my options with my outfitter."); McDonnold Decl., Ex. JJ to Mem. [Dkt. # 4-40] ¶ 8 ("I do not know if I will continue with my hunt."); Bridges Decl., Ex. CC to Mem. [Dkt. # 4-33] ¶ 11 ("I have not yet decided if I will cancel my 2014 elephant hunt and seek a refund."); Johnson Decl., Ex. VV to Mem. [Dkt. # 4-52] ¶ 12 ("I am considering cancelling my hunt.").

Those who choose to cancel their hunts state they will miss out on the recreational opportunity to hunt elephant, and those who plan to proceed note that if they are successful, they will not be able to bring home the elephants, and therefore they will be deprived of a valuable part of the hunt. *See* Beardmore Decl. ¶ 16 ("[B]eing able to import the successfully hunted elephant from this amazing experience is a significant element and memory of the hunt."). In

6

sum, plaintiff asserts that the import suspensions have "dramatically changed the nature of that hunt," and that hunters have been or will be deprived of "the full enjoyment of the hunt." Reply at 12.

The Court does not doubt the sincerity of declarants' disappointment and it does not find that the suspensions will have no effect on their overall hunting experience. But the inability to import elephant trophies does not result in a "certain and great" harm to the recreational interest alleged. First of all, as plaintiff acknowledges, the FWS suspensions do not prohibit hunters from participating in hunts of African elephants. *See*, *e.g.*, April 4, 2014 Press Release, Ex. A to Mem.; Mem. at 21 n.7 (explaining that the suspension does not affect the number of elephant hunts in Zimbabwe); Beardmore Decl. ¶ 24 ("[T]he hunt I paid for is still perfectly legal and absolutely necessary."). Those already on hunts when the suspensions took effect and those who will proceed with their hunts despite the suspensions may still enjoy the recreational benefits of participating in hunts. *See* Rhyne Decl., Ex. BB to Mem. [Dkt. # 4-32] ¶ 9 (stating that he hunts, in part, for personal enjoyment); Vick Decl., Ex. II to Mem. [Dkt. # 4-39] ¶ 13 (stating he enjoys the intensity of the hunt). Notwithstanding the "great emotional significance" of an elephant trophy, Reply at 16, hunters may still engage in the core recreational activity of hunting. So while the "full enjoyment of the hunt" may be diminished, it has not been eliminated.

Second, it is worth noting that a hunter must successfully shoot an elephant in order to garner a trophy worth importing. So it is not necessarily clear that *any* Safari Club member other than the declarants with elephants already in storage, *see* Grieb Decl. ¶ 12; Whaley Decl. ¶ 15, will be affected by this ban for the rest of 2014.

Moreover, those hunters who chose to rearrange their hunts so that they could hunt other species or who cancelled their trips entirely did so of their own volition. Thus, any loss of their

recreational interest in participating in hunts did not "directly result" from the FWS suspensions. *Wis. Gas*, 758 F.2d at 674. Rather, the harm is self-inflicted and, therefore, not the irreparable harm that supports injunctive relief. *Pennsylvania v. New Jersey*, 426 U.S. at 664.

Finally, since most of the hunter declarants are still considering whether to cancel or change their trips or not, it is uncertain whether any harm will come to their recreational interests at all. Irreparable harm must be great and certain, not speculative. *Wis. Gas*, 758 F.2d at 674. For all of these reasons, the Court holds that the FWS suspensions have not caused irreparable harm to plaintiff's recreational interests.

## II.     Plaintiff Has Not Shown Irreparable Harm to Conservation Interests

Safari Club's claim of irreparable harm to its own and its members' conservation interests fails for the same reasons. Plaintiff and its members state that they support the sustainable use conservation of African elephants though hunting, which contributes to anti-poaching efforts and supports elephant habitat. Mem. at 19–20, 26. Plaintiff also states that the organized hunts encourage tolerance for elephants within the local communities that derive such benefits as job opportunities and elephant meat from the hunts. *Id*. at 18–19, 26. Plaintiff contends that the inability to import irreparably harms these conservation efforts: fewer elephant hunts will take place; less money will flow to support conservation efforts; and fewer hunters, who deter and sometimes catch poachers, will be in the field to support anti-poaching activities. *Id.* at 21–25, 27–28.

Putting aside the question of whether these generalized policy interests satisfy standing requirements, the fact is that the challenged suspensions do not prohibit U.S. hunters from hunting African elephants in Zimbabwe or Tanzania, so they do not prevent the Safari Club or its members from supporting elephant conservation by participating in or supporting hunts. Any

decline in funds available for conservation efforts resulting from hunters' cancellations is the result of hunters' decisions and not the result of the suspensions. Accordingly, it is not irreparable harm. *Wis. Gas.*, 758 F.2d at 674; *Pennsylvania*, 426 U.S. at 664. This is true even if, as plaintiff contends, FWS imposed the suspensions recognizing that Zimbabwe and Tanzania might lose a portion of conservation funding and hunt-generated revenue and that U.S. hunters might cancel hunts. *See* Reply at 20–21. Elephant hunts in these two countries are not prohibited, U.S. hunters remain free to participate in those and other hunts, and any decline in elephant conservation efforts arising because of hunters' decisions to cancel their trips is indirect and speculative. For this reason, the Court holds that plaintiff has not demonstrated irreparable harm to its or its members' conservation interests.

## III.     Plaintiff Has Not Shown Irreparable Harm to Economic Interests

Safari Club also asserts that the suspensions will cause irreparable economic harm to its members. Plaintiff notes that hunters who cancel or rearrange their hunts because of the suspensions may lose deposits they have already paid towards hunting expeditions, as well as the money they have already spent purchasing such items as airline tickets, firearms, ammunition, training, and video equipment. Mem. at 15–16, 25. But any economic harm hunters may suffer arises out of their own decisions to cancel or change their plans and, therefore, it is indirect, self-inflicted, and not irreparable harm. *Wis. Gas.*, 758 F.2d at 674; *Pennsylvania*, 426 U.S. at 664.

Safari Club also asserts that outfitters and other businesses that support these hunts will be harmed economically due to the suspensions. *See, e.g.*, Carter Decl., Ex. NN to Mem. [Dkt. # 4-44] ¶ 19 (stating the suspensions have already hurt his business); Barth Decl., Ex. OO to Mem. [Dkt. #4-45] ¶ 13 (same). It is true that "[t]he loss of business opportunities, market share, and customer goodwill are typically considered to be economic harms." *Air Transp. Ass'n of*

*Am., Inc. v. Export-Import Bank of the U.S.*, 840 F. Supp. 2d 327, 335 (D.D.C. 2012). But the general rule in this Circuit is "that economic harm does not constitute irreparable injury." *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d at 1295; *see also Wis. Gas.*, 758 F.2d at 674 ("It is . . . well settled that economic loss does not, in and of itself, constitute irreparable harm."). Courts in this Circuit have recognized that economic loss can constitute irreparable injury only in limited circumstances: where "monetary loss . . . threatens the very existence of the movant's business," *Wis. Gas.*, 758 F.2d at 674, or where the claimed economic loss is unrecoverable. *Nat'l Mining Ass'n v. Jackson*, 768 F. Supp. 2d 34, 53 (D.D.C. 2011). But the "fact that economic losses may be unrecoverable does not, in and of itself, compel a finding of irreparable harm," *id.*, for the harm must also be "more than simply irretrievable; it must also be serious in terms of its effect on the plaintiff." *Mylan Pharm., Inc. v. Shalala*, 81 F. Supp. 2d 30, 42 (D.D.C. 2000).

Plaintiff does not present any evidence that would indicate that the FWS import suspensions threaten the very existence of any business that supports elephant hunts, nor does it contend that any threatened economic losses are serious in terms of their effect on these businesses. *See* Reply at 18–19. Given this, the Court finds that the claim of economic harm to hunting-related businesses does not constitute irreparable harm. *See Wis. Gas.*, 758 F.2d at 674; *Mylan Pharm.*, 81 F. Supp. 2d at 42.

Plaintiff contends that the financial harms arising from the suspensions "were set in motion and expected by" defendants. Reply at 19. But this has nothing to do with the legal requirement that the harm be irreparable. The law requires that the harm must be "must be both certain and great" and "actual and not theoretical." *Wis. Gas.*, 758 F.2d at 674. Here, the outfitters state that they *may* suffer economic losses if hunters cancel expeditions. *See, e.g.*, Pole Decl., Ex. LL to Mem. [Dkt. # 4-42] ¶ 11 ("My company will potentially lose the income

from nine elephant safaris this year due to the trophy importation ban."); Oosterhuis Decl., Ex. MM to Mem. [Dkt. # 4-43] ¶¶ 14–15 (reporting that he has tried to cancel two clients' hunts, is considering refunding his clients' money, and stating that "[a]t this point, I do not know what we will do"); De Vries Decl., Ex. SS to Mem. [Dkt. # 4-49] ¶ 14 (stating that about eighty percent of his hunting clientele is comprised of U.S. hunters and his business would lose approximately $500,000 if they all cancel).[7]  Outfitters also state that cancelled trips may be rebooked by hunters from other countries, so it is not even certain that cancelled trips will result in lost revenues.  *See*, *e.g.*, Pole Decl. ¶ 13 ("We will attempt to sell our elephant hunts to non-U.S. hunters if necessary."); Carter Decl. ¶ 18 ("[O]utfitters can and will attempt to book elephant hunts with hunters from countries other than the U.S."); Cooke Decl., Ex. QQ to Mem. [Dkt. # 4-47] ¶ 18 ("I will have to try to sell these hunts to citizens of other countries. . . . I believe that the European hunting market is weak, but Russia and especially China are strong, so I will try to sell the hunts there."); Duckworth Decl., Ex. RR to Mem. [Dkt. # 4-48] ¶ 15 ("We will obviously attempt to sell the elephant hunts to non-U.S. hunters . . . .").  Because the outfitters do not even know if their clients will cancel or if they will be replaced, their assertions of economic harm are speculative.

The Court appreciates that there may well be some loss of revenue if U.S. hunters with a particular interest in elephants change their plans.  *See* De Vries Decl. ¶ 15 ("We will never generate the same amount of revenue by selling the hunts to non-U.S. hunters, especially so late

---

7    Some declarants acknowledge that they do not even sell elephant hunts, which suggests any harm caused to their businesses will be minimal.  Hurt Decl. ¶ 7 ("I guide 4-5 hunts each year in which the clients may be entitled to hunt for elephant (if they chose to take this option).  We have not actively sold elephant hunts in recent times, as a management decision, in order to try to encourage the stewardship of older bull for the future."); Angelides Decl., Ex. YY to Mem. [Dkt. # 4-55] ¶ 13 ("I am not a big elephant outfitter, so the harm to my personal business will be minimal.  However, I am likely not going to pursue obtaining the rights to hunt in a new area for elephants, and my business will not grow.").

in the year."). But because the import suspensions do not completely prohibit U.S. hunters from hunting African elephants in Zimbabwe or Tanzania, the Court finds that the economic harm arising from cancellations are not the direct result of the FWS import suspensions but rather of the hunters' independent decisions to cancel their hunts.

For all of these reasons, the Court finds that the economic harm alleged by plaintiff does not rise to the level of the irreparable harm needed to support extraordinary injunctive relief.

## CONCLUSION

For the reasons stated above, plaintiff's motion for a preliminary injunction [Dkt. # 4] is DENIED.

_Amy B Jach_

AMY BERMAN JACKSON
United States District Judge

DATE:   June 6, 2014

12