No. 14-5152
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

SAFARI CLUB INTERNATIONAL and NATIONAL RIFLE ASSOCIATION
OF AMERICA, Plaintiffs-Appellants,

v.

SALLY JEWELL, in her official capacity as
United States Secretary of the Interior, *et al.*,
Defendants-Appellees

_____

On Appeal from the United States District Court for the District of Columbia
(No. 14-00670-ABJ)
_____

# UNOPPOSED MOTION FOR EXPEDITED CONSIDERATION OF APPEAL BY PLAINTIFFS/APPELLANTS SAFARI CLUB INTERNATIONAL AND NATIONAL
# RIFLE ASSOCIATION OF AMERICA

Plaintiffs/Appellants, Safari Club International and National Rifle Association of America ("SCI/NRA"), move, in accordance with D.C. Circuit Court Rule 47.2 and 28 U.S.C. §1657(a), for expedited consideration of their appeal of the District Court's denial of their motion for a preliminary injunction. Memorandum Opinion and Order dated June 6, 2014 (Dkt. 24). SCI/NRA ask this Court to set a briefing and hearing schedule for SCI/NRA's appeal so that this Court can promptly review the District Court's ruling.

1

## GROUNDS FOR THIS MOTION

SCI filed suit on April 21, 2014[1] in the District Court for the District of Columbia. The suit challenges bans imposed on April 4, 2014 by Secretary of the U.S. Department of the Interior, Sally M.R. Jewell, *et al*. ("Federal Appellees") on the importation of legally sport-hunted elephants from Zimbabwe and Tanzania. On April 30, 2014, SCI moved for a preliminary injunction, asking the District Court to prevent irreparable harm to SCI and its members by enjoining enforcement of the bans for the duration of the litigation. The District Court denied the motion on June 6, 2014. SCI/NRA filed this appeal on June 17, 2014.

D.C. Circuit Court Rule 47.2 provides that, in actions seeking preliminary injunctive relief, the clerk will "prepare an expedited schedule for briefing and argument." Rule 47.2 implements a federal statute requiring every court to expedite its consideration of any action concerning requests for preliminary relief. 28 U.S.C. § 1657(a). As SCI/NRA have appealed the denial of a request for preliminary injunctive relief, they are therefore entitled to expedited review of their appeal.

---

[1] SCI initiated the lawsuit and filed the preliminary injunction. NRA joined the suit as a plaintiff in an amended complaint on May 16, 2014. (Dkt. 13) Both SCI and NRA are appealing the denial of the motion for a preliminary injunction.

**RELIEF SOUGHT**

In accordance with the mandate for expedited review provided by 28 U.S.C. §1657(a) and D.C. Circuit Rule 47.2, SCI/NRA ask the Court to set an expedited schedule for briefing and oral argument for their appeal of the ruling on SCI/NRA's motion. The Federal Appellees do not oppose the relief sought in this motion on the understanding that SCI/NRA seek only that expedition afforded to any appeal concerning preliminary injunctive relief, *see* Circuit Rule 47.2, and do not seek any additional expedition based on the particular facts of this case recited below, which remain disputed.[2]

**ARGUMENT**

**Relevant Facts and Procedural History**

On April 4, 2014, Federal Appellees announced and implemented bans on the importation of all legally sport-hunted elephants from Tanzania and Zimbabwe taken in 2014.[3] Federal Appellees gave no advance notice to the governments and/or wildlife management authorities of Zimbabwe or Tanzania or to the U.S.

---

[2] SCI/NRA reserve the right in the future to file an additional motion for expedited consideration, based on the particular facts of this appeal, if they determine that further or greater acceleration of review will be necessary.

[3] http://www.fws.gov/news/ShowNews.cfm?ID=2E6FF2A2-E10F-82BC-DAE08807810E3C6B. Originally, the ban for importation from Zimbabwe was to apply retroactively, beginning on January 1, 2014. On April 17, 2014, the U.S. Fish and Wildlife Service ("FWS") modified the terms of the ban, so that elephants taken prior to April 4, 2014 could be imported with documentation showing the date they had been hunted.

hunting community of their intent to abruptly terminate importation opportunities that they had consistently authorized for over two decades.

After filing suit on April 21, 2014, SCI filed a motion for a preliminary injunction on April 30, 2014. SCI's motion for a preliminary injunction asserted that SCI (and NRA) members needed emergency relief from the harm that the importation bans were causing to their recreational, financial and conservation interests. In declarations provided as exhibits to the preliminary injunction motion, members of SCI/NRA explained that they had booked, planned and financially invested in elephant hunts in Zimbabwe and/or Tanzania months, and in some cases years, prior to the date that Federal Appellees implemented the importation bans. The declarations explained that once Federal Appellees imposed the bans, SCI/NRA members could still hunt elephants in Zimbabwe and Tanzania but they could no longer bring their elephants home after their successful hunts. SCI and NRA members' declarations described how the recreational and financial values of their hunts had dramatically declined due to the importation bans. Other SCI and NRA members, who work as professional hunters, outfitters and booking agents in Zimbabwe and Tanzania, explained how their businesses had been impacted due to U.S. hunters cancelling their elephant hunts as a result of the importation bans. Many of the declarations explained how the loss of U.S. hunter revenues affected elephant conservation by depriving hunting operations of the funding used to hire

anti-poaching patrols and to increase social tolerance among local communities to offset the damage that elephants cause to agricultural pursuits.

The District Court set a briefing schedule for the preliminary injunction motion during a telephone conference on May 2, 2014. The Court informed counsel for SCI/NRA and Federal Appellees that the parties' briefs were only to address the issues of irreparable harm and subject matter jurisdiction. On May 13, 2014, Federal Appellees filed both an Opposition to SCI's preliminary injunction motion (Dkt. 10) and a Cross Motion to Dismiss (Dkt. 11).[4] On May 16, 2014 SCI filed its Reply in support of the preliminary injunction motion.[5] Dkt. 12. On June 6, 2014, the District Court denied SCI/NRA's motion. SCI/NRA filed their Notice of Appeal of the District Court's ruling on June 17, 2014. (Dkt. 29).

On June 25, 2014, the Clerk of this Court entered an Order directing both SCI/NRA Appellants and Federal Appellees to file all initial submissions and procedural motions on or before July 25, 2014, and any dispositive motions on or before August 11, 2014. On June 27, 2014, counsel for SCI/NRA telephoned the Clerk's office to verbally inform the Clerk, in accordance with D.C. Circuit Rule

---

[4] SCI/NRA filed their Opposition to the Cross Motion to Dismiss on May 27, 2014 (Dkt. 22) and Federal Appellees filed their Reply on June 5, 2014. The District Court, in its Memorandum Opinion on SCI/NRA's preliminary injunction motion, stated that it was taking Federal Appellees' Cross Motion to Dismiss under advisement. Dkt. 24, at 2 n.3.

[5] SCI filed an amended complaint on May 16, 2014 to add NRA as a plaintiff. Dkt. 13.

5

47.2, that SCI/NRA were appealing the denial of a motion for a preliminary injunction and that they were seeking expedited review of their appeal. On June 30, 2014, SCI/NRA filed a letter with the Court to comply with Rule 47.2's requirement that the Clerk be given written notice of the intent to exercise the right to expedited review. This Motion confirms and explains SCI/NRA's desire for expedited consideration of this appeal.

## RELEVANT LAW

Federal law directs that courts "shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief . . . ." 28 U.S.C. § 1657(a). Because expedited consideration is mandated by statute, D.C. Circuit Rule 47.2 requires that, in appeals of actions seeking preliminary injunctive relief, the clerk will "prepare an expedited schedule for briefing and argument." *Id*.; *see also Am. Bioscience Inc. v. Thompson*, 269 F.3d 1077, 1084 n.8 (D.C. Cir. 2001) (noting that "the granting or denying of a preliminary injunction is the basis for an expedited appeal …."); *Serano Labs. v. Shalala*, No. 97-5188, 1998 WL 744103 *1 (D.C. Cir. Aug. 12, 1998) (same).

## CONCLUSION

SCI/NRA have appealed a District Court's denial of a motion for preliminary injunctive relief and seek expedited consideration of their appeal. SCI/NRA have complied with Circuit Rule 47.2 by informing the Clerk's office

verbally and in writing of the nature of their appeal and of their intent to exercise their right to expedited review. SCI/NRA now ask this Court to promptly set a briefing and oral argument schedule so that this Court can promptly consider and rule on SCI/NRA's appeal.

Dated this 7th day of July, 2014.

Respectfully submitted,
/s/Anna M. Seidman
Anna M. Seidman
D.C. Bar No. 417091
Douglas Burdin
D.C. Bar No. 434107
501 2nd Street NE
Washington, D.C.
Tel: 202-543-8733
Fax: 202-543-1205
aseidman@safariclub.org
dburdin@safariclub.org

*Counsel for Plaintiff/Appellant*
*Safari Club International*

Christopher A. Conte
D.C. Bar No. 43048
National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
Facsimile: (703) 267-1164
cconte@nrahq.org

*Counsel for Plaintiff/Appellant*
*National Rifle Association of America*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 7th day of July 2014, a true and correct copy of SCI/NRA's Motion for Expedited Consideration of Appeal was electronically filed through the CM/ECF system, which caused all parties to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

<u>/s/ Anna M. Seidman</u>
Anna M. Seidman

*Counsel for Appellants,*
*Safari Club International*